UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
DARREN HARCUM, MIGUEL SOTO,     :
and RODELL SURRATT,             :
                                :CIVIL ACTION NO. 3:06-CV-02136
        Plaintiff,              :
                                :(JUDGE CONABOY)
        v.                      :(Magistrate Judge Smyser)
                                :
EDWARD KLEM, et al.,            :
                                :
        Defendants.             :
```
_____

**MEMORANDUM**

## I.    Background

On October 31, 2006, Plaintiffs, ten state prisoners
proceeding pro se, commenced this 42 U.S.C. § 1983 action by filing
a seventy-nine page, handwritten complaint.  (Doc. 1.)  A majority
of the claims have been dismissed and numerous Plaintiffs have
withdrawn or have been dismissed from the case.  As of October 30,
2008, the remaining claims were (1) the equal protection claims of
Plaintiffs Harcum, Soto and Surratt concerning the discipline they
received after the July 25, 2006, incident where Plaintiffs Harcum
and Soto received ninety days of confinement and Plaintiff Surratt
received six months of confinement, (2) Plaintiff Surratt's claims
that he was assaulted and denied the opportunity to file criminal
charges against his attacker, (3) Plaintiff Surratt's claim that
Defendant Dudeck discarded mail, and (4) Plaintiff Harcum's claim
that he was denied the use of an inhaler for his asthma.  This
Court adopted the Magistrate Judges recommendation that this case
be listed for trial.  (Doc. 193.)

Because a majority of the Plaintiffs withdrew or were dismissed from the case and because many of the original claims have been dismissed, on October 31, 2008, in an effort to clarify the issues of the case, the Court ordered the remaining Plaintiffs to file briefs outlining the facts and arguments for their remaining claims and Defendants to file a brief outlining their defenses to the remaining claims in this case on or before December 1, 2008.  (Doc. 195.)

Plaintiffs Soto and Surratt refused service of the Court's October 31, 2008, Order and copies of orders mailed to Plaintiffs Soto and Surratt were returned to the Court. (Docs. 196, 197.)

On November 26, 2008, Plaintiff Harcum filed a brief outlining the facts and arguments surrounding his claim that he was denied the use of an inhaler for his asthma.  (Doc. 198.)  In this brief, Defendant Harcum informed the Court he will no longer pursue his equal protection claim related to the discipline he received after the July 25, 2006, incident.  (*Id.*)

Defendants filed a brief outlining their defenses on December 1, 2008.  (Doc. 199.)  However, Plaintiffs Soto and Surratt failed to file briefs outlining their remaining claims, as ordered.

By Order on December 4, 2008, the Court Ordered Plaintiffs Soto and Surratt to file these briefs on or before December 13, 2008.  (Doc. 200.)  In this Order, the Court warned Plaintiffs Soto and Surratt that if they again failed to comply with the Court's

2

Order their claims would be dismissed for failure to prosecute. (Doc. 200.)  Because Plaintiffs Soto and Surratt had refused service of the Court's previous October 31, 2008, Order, the Court mailed this Order by certified mail with return receipt requested. The Court received acknowledgments of service of these Orders on December 10, 2008, verifying that Plaintiffs Surratt and Soto received the Order.  (Docs. 201, 202.)

On December 11, 2008, Plaintiff Soto filed a one page brief letter outlining his claims.  (Doc. 203.)  However, as of December 22, 2008, Plaintiff Surratt has failed to file.

## II.  Discussion

Here, the Court addresses Plaintiff Surratt's refusal to follow Orders and prosecute his case.

Fed. R. Civ. P. 41(b) provides that an action may be involuntarily dimissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."  Further, United States district courts have inherent power to dismiss *sua sponte* for failure to prosecute and may do so without affording notice of providing an adversary hearing.  *Reshard v. Lankenau Hosp.*, 256 Fed. Appx. 506, 507 (3d Cir. 2007) *(citing Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *Hewlett v. Davis*, 844 F.2d 109, 114 (3d Cir. 1988)(same).

In determining whether to exercise its discretion to dismiss as a sanction for failure to prosecute and failure to comply with

court orders, a district court must balance the six factors set

forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863,

868 (3d Cir. 1984):

> (1) the extent of the party's personal
> responsibility; (2) the prejudice to the
> adversary caused by the failure to meet
> scheduling orders and respond to discovery;
> (3) a history of dilatoriness; (4) whether the
> conduct of the party or the attorney was
> willful or in bad faith; (5) the effectiveness
> of sanctions other than dismissal, which
> entails an analysis of alternative sanctions;
> and (6) the meritoriousness of the claim or
> defense.

*Id.* At 868 (emphases omitted); *Ware v. Rodale Press, Inc.*, 322 F.3d

218, 221 (3d Cir. 2003).  The Court must consider all six factors.

*Ware*, 322 F.3d at 221-22; *United States v. $8,221,877.16 in United

States Currency*, 330 F.3d 141, 162 (3d Cir. 2003).  Dismissal is an

extreme sanction, and any doubts should be resolved in favor of an

adjudication of the case on its merits.  *Id*.  However, each factor

need not be satisfied to justify dismissal.  *Id*.  In this case, the

balance of the *Poulis* factors weighs in favor of dismissal[1].

    With regard to the first *Poulis* factor, there is no question

that Plaintiff Surratt is solely and personally responsible for his

failure to prosecute this case.  After considerable changes in the

nature and extent of the case, the Court Ordered the remaining

---

[1]In balancing these factors, the Court recognizes that
Plaintiff Surratt is a pro se litigant, and has taken considerable
precaution to protect him from inadvertent forfeiture of important
rights because of his lack of legal training.

4

Plaintiffs to brief their remaining claims and arguments.  After Plaintiff Surratt refused service of the Court Order, the Court gave Plaintiff Surratt an additional chance to file.  In this Order the Court clearly stated that failure to file a brief outlining his remaining claims would constitute forfeiture.  Again Plaintiff Surratt ignored the Court's Order.

     With regard to the second *Poulis* factor, Defendants are prejudiced by Plaintiff Surratt's failure to file.  This case was originally filed on October 31, 2006.  Nearly two years later, and approaching trial, Plaintiff has blatantly ignored court Orders and his failure to do so has stands to delay adjudication of this case.

     With regard to the third *Poulis* factor, Plaintiff Surratt has not only been dilatory, but it appears to the Court that Plaintiff Surratt has no intention in filing a response as Ordered.  First, Plaintiff Surratt refused service of the Court's October 31, 2008, Order.  Then Plaintiff Surratt ignored the Court's December 4, 2008, Order.  As of the date of this Order, Plaintiff Surratt has failed to file anything, not even a request for an extension, or any explanation as to why he missed the deadline.

     With regard to the fourth *Poulis* factor, based on Plaintiff Surratt's refusal to accept service of the Court's October 31, 2008, Order and failure to file in accordance with the December 4, 2008, Order, the Court can only conclude Surratt's conduct is willful and in bad faith.

5

With regard to the fifth *Poulis* factor, no alternative sanctions present themselves.  In his application to proceed in forma pauperis (Doc. 2-4), Plaintiff Surratt claims to have no cash, property or bank account and claims to receive no money from any source.  Given Surratt's financial difficulties, monetary sanctions may be moot and too extreme.

Finally, with regard to the Sixth *Poulis* factor, Surratt's claims appear to facially lack merit.  Plaintiff Surratt's claims include (1) an equal protection claim concerning the discipline he received after a July 25, 2006, incident where Plaintiffs Harcum and Soto received ninety days of confinement and Plaintiff Surratt received six months confinement, (2) a claim that he was assaulted and denied the opportunity to file criminal charges against his attacker, and (3) his claim that Defendant Dudeck discarded mail. In Defendants' brief outlining their defenses for trial (Doc. 199), Defendants note that Plaintiff Surratt's misconduct constituted his sixth misconduct for the year 2006.  Additionally, although not coming into the Department of Corrections until May 2005, Surratt amassed three other misconducts in 2005.  Although, Plaintiff Soto and Harcum received less discipline, Defendants claim that these Plaintiffs did not have the same history of misconduct as Surratt. Defendants claim the differing sanctions were necessitated by the disciplinary needs of each individual.

With regards to Plaintiff Surratt's claim that he was

6

assaulted and denied the opportunity to file criminal charges against his attacker, Defendants deny that he was attacked and deny that Plaintiff Surratt was precluded from contacting the Pennsylvania State Police.  Defendants assert that each inmate is provided stationary and postage monthly and is free to contact any law enforcement authority and that access to a telephone may be granted upon proper request.  Further, Defendants assert that such a one-time deprivation is not sufficient to support a constitutional violation.

Finally, with regards to Plaintiff Surratt's claim concerning discarded mail, Defendants deny this claim and assert that even if it is found that mail was discarded once as alleged, such a one-time deprivation is not sufficient to support a constitutional violation.

The Court finds the balance of the *Poulis* factors weighs heavily in favor of dismissal of Plaintiff Surratt's claims, and the Court will therefore exercise its inherent authority and the power granted by Fed. R. Civ. P. 41(b) to dismiss Plaintiff Surratt's claims with prejudice.  An appropriate Order follows.

Dated: December _22_, 2008          S/Richard P. Conaboy_____
                                    RICHARD P. CONABOY
                                    United States District Judge

7

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARREN HARCUM, MIGUEL SOTO,      :
and RODELL SURRATT,              :
                                 :CIVIL ACTION NO. 3:06-CV-02136
          Plaintiff,             :
                                 :(JUDGE CONABOY)
          v.                     :(Magistrate Judge Smyser)
                                 :
EDWARD KLEM, et al.,             :
                                 :
          Defendants.            :
_____

**ORDER**

AND NOW THIS 22ⁿᵈ DAY OF DECEMBER 2008, FOR THE REASONS SET OUT IN THE ACCOMPANYING MEMORANDUM, IT IS HEREBY ORDERED THAT:

1.  Plaintiff Surratt's remaining claims are dismissed with prejudice;

2.  Plaintiff Harcum and Plaintiff Soto's claims will proceed to trial and this case has been assigned to the March 2009 trial calendar;

3.  The claims to be heard at trial include (1) the equal protection claim of Plaintiff Soto concerning the discipline he received after the July 25, 2006, incident and (2) Plaintiff Harcum's claim that he was denied the use of an inhaler for his asthma;

4.  The Clerk of Court is to mark the docket.

                                S/Richard P. Conaboy
                                RICHARD P. CONABOY
                                United States District Judge

8